UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BILL BALLEW on his own behalf and others
similarly situated,

          Plaintiff,

-vs-                                                                Case No.  2:08-cv-13-FtM-34SPC

LENNAR CORPORATION a foreign corporation,

          Defendant.
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

      This matter comes before the Court on the Plaintiff Bill Ballew, on behalf of himself and all similarly situated employees', Motion Seeking an Order on Conditional Class Certification  (Doc. #27) filed on February 4, 2008.  The Defendant filed its Response (Doc. # 90) on April 4, 2008, and Response (Doc. # 91) which is the same Response but contains additional exhibits also filed on April 4, 2008.  The Motion was referred to this Court by the District Court (Doc. # 150) for the issuance of a Report and Recommendation on June 26, 2008.  The Motion is now ripe for review.

      The Plaintiff moves the Court for nationwide notice on all salary paid Construction Managers and Superintendents who were employed by the Defendant over the last three (3) years.  Unlike a class action under Fed. R. Civ. P. 23, the FLSA requires that the opt-in plaintiffs must file a written notice with the Court establishing their desire to join the lawsuit. 29 U.S.C. § 216(b).  The Eleventh Circuit has outlined a two-tiered procedure that district courts should use in certifying collective actions under 29 U.S.C. § 216(b). Cameron-Grant v. Maxim Healthcare Services, Inc., 347 F.3d

1240, 1243 n. 2 (11th Cir. 2003) (citing <u>Hipp v. Liberty National Life Insurance Co.</u>, 252 F.3d 1208 (11th Cir. 2001)).  At the first "notice stage," the court makes a decision to allow nationwide notice if the court is satisfied that there are other employees current or former who are or were similarly situated to the Plaintiffs who might desire to opt-in. <u>Cameron-Grant</u>, 347 F.3d at 1243 n. 2. This determination is usually based on the pleadings and affidavits and is made using "a fairly lenient standard and typically results in conditional certification." <u>Id.</u>  (internal quotes omitted). The "similarly situated" requirement does not require identical positions and the Plaintiff's burden is not heavy. <u>Hipp</u>, 252 F.3d at 1219.

  The second determination, whether or not the plaintiffs are actually similarly situated, is typically precipitated by a motion for decertification by the defendant usually filed after discovery is almost complete. <u>Cameron-Grant</u>, 347 F.3d at 1243 n. 2.  However, at this point in the proceedings, the Court need not concern itself with the second determination.  Whether or not to allow the FLSA claim to proceed as a collective action is committed to the sound discretion of the Court. <u>Dybach v. State of Florida Dep't. of Corrections</u>, 942 F.2d 1562, 1567 (11th Cir. 1991).

  The Plaintiff alleges that as construction managers a/ka/ superintendents the Defendant failed to pay overtime wages for the hours they worked over forty (40) hours per week in violation of 29 U.S.C. § 216(b) of the FLSA.  The Plaintiff states that the position of construction managers/ superintendents included not only overseeing the workers on a projects, but also required physical labor.   The Plaintiff further alleges that there are other current and former employees of Lennar Corporation who worked as construction managers or superintendents. The Plaintiff also alleges that all of the construction managers or superintendents have the same title, they are paid on a salary plus bonus basis, they did not supervise any employees of Lennar, they performed identical job duties,

they worked more than forty (40) hours in one or more workweeks, and they were all classified as exempt employees. The Plaintiff attached Affidavits from some of the construction managers/ superintendents to support it's position. Additionally, the Plaintiff argues that Lennar has construction projects in seventeen (17) states with construction managers or superintendents working on those projects. Therefore, the Plaintiff now seeks nationwide notice of this lawsuit to such similarly situated employees so they may determine whether or not to exercise their option to opt-in.

The Defendant's Response states that all of Ballew's declarations are nearly identical and make general assertions of manual labor. The Defendant also argues that Ballew never states whether or not the employees are similarly situated to himself, that Ballew is wrong about five (5) of the seven (7) persons he identifies and that three (3) of the seven (7) were classified as non-exempt at all relevant times. The Defendant continues that Ballew never evidenced any personal knowledge that all of the construction managers or superintendents performed the same job. In fact, the Defendant argues that construction managers or superintendents' jobs vary based upon the complexity of the project, the number of homes being built under the construction managers supervision, and the contact between the construction manager and the buyer etc. . . .

After a review of the Response and the Motion, the Court concludes that the pleadings, affidavits and consent forms filed thus far satisfy the Plaintiff's light burden to justify nationwide notice. While the Defendant argues the construction managers perform different tasks at various job sites it is apparent from its own response that the construction managers perform basically the same duties even if those duties may vary depending on the particular job location and requirements. At this stage of the proceedings, the Plaintiff's burden is a lenient one and the Plaintiff need only show that their positions are similar, not identical, to the positions held by putative class members.

Robbins-Pagel v. Pucket, 2006 WL 3393706 (M.D. Fla. November 22, 2006) (citing Grayson v. K-Mart Corporations, 79 F.3d 1086, 1096 (11th Cir, 1996)). Here, the Plaintiff has demonstrated sufficient similarity in the various construction manager positions.

The Defendant also argues that many of the proposed opt-in construction managers signed agreements waiving their rights by signing agreements that they were paid in full and signed arbitration agreements waving jury trial, as well as accepting severance pay. However, under the FLSA a plaintiff cannot waive their rights to just compensation. Waiver is not a valid defense under the FLSA. The Defendant also argues that the Plaintiffs do not fall under the FLSA provision because some of them earned in excess of $100,000.00, and supervised more than two (2) employees. However, the Defendants arguments are more suited to the second step which is a determination by the Court as to whether or not the putative class members are sufficiently similarly situated to form a collective action.

Thus, it is respectfully recommended that the Plaintiff be allowed to engage in nationwide service. The Court further recommends that direct mailing to the potential opt-in plaintiffs last known address is the best method of notification.

Accordingly, it is now

**RESPECTFULLY RECOMMENDED:**

The Plaintiff Bill Ballew, on behalf of himself and all similarly situated employees', Motion Seeking an Order on Conditional Class Certification (Doc. #27) should be **GRANTED**. The following dates, deadlines, and instructions to the Parties to carry out the Notification are also respectfully recommended.

(1) The Defendant Lennar Corporation shall produce in written or electronic form all the last known addresses for all employees classified as construction managers or superintendents dating back three years from January 11, 2008, the date of the initial complaint, **thirty (30) days** after the District Court Rules on this Court's Report and Recommendation.

(2) The Plaintiff shall then have up to and including **thirty (30) days** after the employee information is provided to mail out all of the notifications.

(3) The Opt-ins shall have up to and including **ninety (90) days** after receiving the Opt-in Notice to file their responses to the Notifications.

(4) The Plaintiff will provide the Defendant with full and complete answers to the Court Ordered interrogatories **thirty (30) days** after the Opt-in Notifications have been returned**.**

(5) The Plaintiff may use the notification and opt-in forms included in his Motion to notify the potential opt-in plaintiffs.

(6) In accordance with the Eleventh Circuits' standard found in Hipp v. Liberty National Life Insurance Co., 252 F.3d 1208 (11th Cir. 2001), it is respectfully recommended the Court **RESERVE RULING** as to whether or not the opt-ins are similarly situated and, therefore, form a class.

**Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.**

Respectfully recommended at Fort Myers, Florida, this   3rd   day of July, 2008.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record