UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BILL BALLEW on his own behalf and
others similarly situated,

            Plaintiff,

vs.                              Case No.  2:08-cv-13-FtM-99SPC

LENNAR CORPORATION a foreign
corporation,

            Defendant.
_____

**OPINION AND ORDER**

     This matter comes before the Court on a Second Amended Report and Recommendation (Doc. #185) (SARR) filed on August 14, 2008. The magistrate judge recommends that plaintiff's Motion Seeking an Order on Conditional Class Certification (Doc. #27) be granted to allow nationwide notice to all salaried Construction Managers or Superintendents who were employed by defendant at any time during the three years prior to the filing of the Complaint. Defendant filed Objections (Doc. #190) on August 26, 2008, and a series of Notices of supplemental authority (Docs. ##191-99). Plaintiff's Response (Doc. #200) was filed on September 10, 2008.

**I.**

    After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify, in whole or in party, the magistrate judge's findings and

recommendations. 28 U.S.C. § 636(b)(1); Stephens v. Tolbert, 471 F.3d 1173, 1176 (11th Cir. 2006). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990)(quoting H.R. 1609, 94th Cong., § 2 (1976)). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994).

## II.

The SARR found that plaintiff has satisfied the fairly lenient burden of showing that there are other current or former employees who are or were similarly situated to plaintiff who might desire to opt-into this Fair Labor Standards Act (FLSA) case. Defendant's objection argues in part that plaintiff's evidence was legally insufficient and unreliable. Upon *de novo* review, the Court finds otherwise and overrules this objection.

Defendant also argues that the SARR does not fully address its arguments and evidence, and does not take into consideration the scope and magnitude of the individualized discovery that will be required if conditional certification is granted. Nothing in the

SARR suggests that defendant's evidence or arguments were not fully considered.  To the extent some were overlooked or given what defendant considers to be short shrift, the Court has reviewed them all and concurs with the SARR as to the notice.

The Court finds that defendant's arguments about the geographic scope of the proposed class, anticipated individualized discovery, and different exemptions or combinations of exemptions do not render the class overly broad and unmanageable. Accordingly, these objections are overruled.

Defendant also objects to the temporal scope, procedures, and notice forms recommended in the SARR.  The Court finds that in terms of notice to potential opt-in plaintiffs, the three year period is appropriate, and therefore that objection is overruled. The Court agrees with defendant that plaintiff's counsel should be required to document when each notice is mailed, but declines to create any presumption of receipt.  The Court also agrees that the court-approved notice form will be mandated, not merely suggested. The Court further finds the 90 day period to be reasonable and not unduly long, so that objection will be overruled.  Finally, the Court finds that some of the objections to the verbiage in the notice forms, or missing from the notice forms, have merit. Modified forms are attached to this Opinion and Order in which the Court has incorporated the changes it deems appropriate.  The objections are otherwise overruled.

Accordingly, it is now

**ORDERED:**

1.  The Second Amended Report and Recommendation (Doc. #185) is accepted and adopted as modified and set forth below.

2.  Plaintiff's Motion Seeking an Order on Conditional Class Certification (Doc. #27) is **GRANTED** as set forth below.

3.  The time schedule in the SAAR (Doc. #185, pp. 4-5) is adopted and shall be followed by all parties.  Paragraph (5) on page five is modified to require that plaintiff's counsel shall use a notice form and consent form substantially in the form attached to this Opinion and Order, and shall document when such forms are provided to potential opt-in plaintiffs.

**DONE AND ORDERED** at Fort Myers, Florida, this __11th__ day of September, 2008.

JOHN E. STEELE
United States District Judge

Copies:
Hon. Sheri Polster Chappell
Counsel of record